# Brown *v.* City of Scranton, Appellant.

*Road law—Change of grade—Municipalities—Railroads—Bond to
indemnify city—Evidence—Remarks of counsel.*

1. Where a city after having been indemnified against loss by a rail-
road company institutes proceedings to change the grade of a street
in its own name only, and a landowner files a petition for the appoint-
ment of viewers to assess damages against the city and not against the
railroad company, and the viewers award damages against the city
which takes an appeal in its own name, the court of common pleas com-
mits reversible error in directing that an issue shall be framed so as to
include the railroad company as a party defendant with the city; and
such error is not cured by the filing of a statement of claim, including
the city and railroad company as parties defendant.

2. In such a case the introduction of evidence tending to show the
ultimate liability of the railroad company, such as the bond of indem-

nity, and argument of counsel that the city will suffer no loss because indemnified, are clearly erroneous.

*Practice, C. P.—Trial—Remark of counsel.*

3. On the trial of an issue between a property owner as plaintiff, and a city and a railroad company as defendants, to ascertain damages for the change of grade of a street, a remark of plaintiff's counsel made at the beginning of the trial that one of the defendant's counsel represented "a good, healthy and robust corporation," meaning the railroad company, is not ground for a continuance where it appears that the remark was in the nature of a pleasantry, and the jury are immediately instructed to disregard it.

*Road law—Evidence—Expert witness—Cross-examination—Values in neighborhood.*

4. An expert witness called in a proceeding to assess damages for the change of grade of a street cannot be asked on direct examination as to the values of other properties in the immediate neighborhood, although he may be cross-examined as to such values for the purpose of affecting his credibility as a witness.

Argued Feb. 21, 1911. Appeal, No. 199, Jan. T., 1910, by defendant, from judgment of C. P. Lackawanna Co., Sept. T., 1908, No. 1,173, on verdict for plaintiff in case of George W. Brown v. City of Scranton. Before MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Appeal from award of viewers. Before HEYDT, P. J., specially presiding.

From the record it appeared that after an appeal had been taken by the city of Scranton from the award of viewers, the court had directed an issue to be framed in which the Delaware, Lackawanna & Western Railroad Company should be made a party defendant with the city. This was done because the railroad company had given a bond of indemnity to the city against any loss resulting from the change of grade of Cliff street, which was the street involved in the petition before the viewers.

At the trial the following objection was made:

Mr. Davis: We object to the trial of this case at the present time under the pleadings; it being admitted that

the Delaware, Lackawanna & Western Railroad Company is not a party to this case, although in the plea they are named and directed by the court to be made a party.

Judge VOSBURG: We already have a motion on the record to amend the record by dropping the Delaware, Lackawanna & Western Railroad Company from the record, as a defendant.

Mr. Davis: I object to any amendment being made at this time. We have a right to go to trial knowing what we have to meet.

The Court: The motion to amend is allowed. Exception. [2]

After the trial had begun the following motion was made:

Mr. Oliver: I ask that a juror be withdrawn, and the case continued, on the ground that Mr. O'Brien, of counsel for the plaintiff, made the remark in open court, that I represented "a good, healthy and robust corporation."

I also disclaim appearing here as counsel for the Delaware, Lackawanna & Western Railroad Company, and say that I appear as assisting the city solicitor.

Mr. O'Brien: We object to the motion to withdraw a juror for the reason that it appearing now that the Delaware, Lackawanna & Western Railroad Company is not in court, that the remark at the farthest stretch of imagination, could not affect the defendant in this case.

Mr. Oliver: If your honor, please, I would like to have a ruling as to the improper remark of counsel.

The Court: Counsel for the defendant disclaiming that the Delaware, Lackawanna & Western Railroad Company is a party to this suit, the remark which was attributed to the counsel for the plaintiff can have no bearing or effect in this suit; the motion to withdraw a juror, and continue the case, is denied; to which counsel for defendant except, and at the request of counsel an exception is noted and bill sealed.

Mr. O'Brien: We have no objection to your honor stating this matter to the jury, and cautioning them that

they will not be in any way influenced by the remark, in this case, which was only a humorous one.

The Court: Gentlemen of the Jury: As you no doubt heard, there was a question arising as to who was the real defendant in this case, and in the bantering backwards and forwards, Mr. O'Brien made the remark that one of counsel for the defendant, had, as I remember it, "a strong, healthy client." You will disregard the remark entirely. It can make no difference who the defendant's attorney's clients are. You will consider this case on the evidence as it will be produced from the witness stand, and upon that alone, and decide it on the merits, regardless of whether the defendant is a corporation, or who is to pay the damages, if anybody has to pay them, just the same as if Mr. O'Brien had not made the remark.

Mr. Oliver: Counsel for the defendant offer an affidavit by J. H. Oliver, one of counsel, and ask that it be marked filed, and spread upon the record, and that a juror be withdrawn and the case continued.

"AFFIDAVIT OF J. H. OLIVER, ESQ.,

George W. Brown } In the Court of Common Pleas
v. } of Lackwanna County.
The City of Scranton } No.            Term, 190

State of Pennsylvania } ss.:
County of Lackawanna }

"J. H. Oliver, being sworn according to law, doth depose and say that he is of counsel for the City of Scranton in the above entitled case. That at the trial of the above case on the 24th day of March, A. D. 1910, Joseph O'Brien, Esq., of counsel for the plaintiff, the above named George W. Brown, during a discussion as to whether The Delaware, Lackawanna and Western Railroad Company was a party defendant, jointly with the City of Scranton in the said case, addressing the above named J. H. Oliver, made the following statement: 'You represent a strong, healthy, robust client and you should not be ashamed of them,' meaning thereby that the said J. H. Oliver repre-

sented The Delaware, Lackawanna and Western Railroad
Company.

"(Signed) J. H. OLIVER.

"Sworn and subscribed before me this 24th day of
March, A. D. 1910."

"(Seal)          W. M. BUNNELL, Prothonotary."


Judge Vosburg: To which we object, of course.

The Court: Let it be marked "filed." The motion to
withdraw a juror and continue the case is denied. [3]

The plaintiff made the following offer:

Judge Vosburg: We propose to show that the Dela-
ware, Lackawanna & Western Railroad Company, and
the American Locomotive Company filed the bonds re-
ferred to in the ordinance, with the proper custodian, the
city solicitor, and to offer them in evidence.

Mr. Davis: What is the purpose? What is the legal ef-
fect?

Judge Vosburg: We offer it as part of the res gestæ,
being papers which are referred to in the ordinance com-
plete, and the files of the city relating to this improve-
ment; we offer these bonds.

Mr. Davis: This is objected to as incompetent, irrele-
vant and immaterial; the action of damages, if there be
any sustained in this case, is between the plaintiff and
the city of Scranton in the matter. Any precautionary
measure taken on the part of the city is a matter between
the city and the surety in this bond, and has no bearing
on the question of damages between the claimant and the
city of Scranton.

The Court: The objection is overruled, and an excep-
tion noted for the defendant. [4]

At the trial the following occurred:

Judge Vosburg (continuing to read): "Attached to
the ordinance is a bond, The Delaware, Lackawanna and
Western Railroad Company, a corporation of the State
of Pennsylvania, and the American Locomotive Com-
pany, a corporation of the State of New York, in which

they are held and firmly bound to the City of Scranton in the sum of twenty thousand dollars. Dated April 4th, 1908—containing various recitals relating to the vacation of Cliff Street, and the construction of a viaduct, and follows with the following condition: 'Now, therefore, the condition of the above obligation is such that if the said The Delaware, Lackawanna and Western Railroad Company, and the said American Locomotive Company, their successors or assigns, or any of them, shall indemnify and save harmless the said City of Scranton.'"

Mr. Davis: We object to the reading of this bond at this time, except you show that the conditions in the bond are complied with.

The Court: The objection is overruled, and at the request of counsel an exception and bill sealed for the defendant. [5]

Mr. Oliver: Counsel for the defendant states that Mr. O'Brien, in his closing argument to the jury, stated "that the public treasury was protected in this case, on account of the bond given by the Delaware, Lackawanna & Western Railroad Company and the American Locomotive Company." Counsel at this time ask that a juror be withdrawn, and the case continued, on account of that remark.

Judge Vosburg: To which we object.

Mr. Oliver: The purpose of the remark being to create a prejudice in the minds of the jury, on account of the fact that the two corporations named are involved in this case.

Judge Vosburg: The remark was in reply to a remark by counsel on the other side.

The Court: The motion to withdraw a juror and continue the case is denied.

Mr. Oliver: We ask your honor for an exception, and leave to file an affidavit, before the case is submitted to the jury.

The Court: At the request of defendant's counsel, an exception is noted and bill sealed. [6]

F. L. Hitchcock was examined as follows:

Mr. Davis: We offer to show by the witness on the stand the market values fixed upon the properties in the immediate locality, by the owners of the same.

This for the purpose of enabling the jury to have knowledge of the market values of the abutting properties.

Mr. O'Brien: The counsel for the plaintiff object to the testimony as irrelevant and immaterial for the reason that we have conceded the colonel's competency to give the value of the property in question. The only way in which this line of inquiry would at all become competent and proper would be as to the qualification of the witness, and that being conceded, the offer is clearly immaterial.

The Court: I think the courts have decided that damages cannot be arrived at by the comparative values of neighboring properties, and therefore it would be entirely irrelevant. We sustain the objection. At the request of counsel for defendant an exception is noted, and bill sealed. [8]

Verdict and judgment for plaintiff for $3,000. Defendant appealed.

*Errors assigned* were (2–5, 6–8) various rulings as above, quoting the bill of exceptions.

*D. J. Davis,* city solicitor, with him *D. R. Reese* and *J. H. Oliver,* for appellant.—The improper conduct and remarks of counsel as to the liability of the Delaware, Lackawanna & Western Railroad Company for damages, if any, were ground for withdrawing a juror: Holden v. R. R. Co., 169 Pa. 1; Walsh v. Wilkes-Barre, 215 Pa. 226; Wagner v. Hazle Twp., 215 Pa. 219; McClosky v. Dubois Borough, 4 Pa. Superior Ct. 181; Hollis v. U. S. Glass Co., 220 Pa. 49; Manigold v. Traction Co., 81 N. Y. App. Div. 381 (80 N. Y. Supp. 861); Fisher v. R. R. Co., 227 Pa. 635; Shaffer v. Kreitzer, 6 Binney, 430; Hamory v. R. R. Co., 222 Pa. 631.

*A. A. Vosburg,* with him *Joseph O'Brien,* for appellee.—
The cases are numerous where it has been held that
objectionable remarks made by counsel, of a much more
serious character than those in the case at bar, would not
necessitate the withdrawal of a juror and a continuance of
the case, where the trial judge immediately directed the
jury not to consider them: United States Circle Swing
Co. v. Reynolds, 224 Pa. 577; Cook v. Electric Motor
Co., 225 Pa. 91; Moore v. Neubert, 21 Pa. Superior Ct.
144; Com. v. Weber, 167 Pa. 153; Martin v. McCray,
171 Pa. 575; Com. v. McMahon, 14 Pa. Superior Ct.
621.

OPINION BY MR. JUSTICE ELKIN, May 17, 1911:

A careful study of this record has convinced us that
several substantial and reversible errors crept into the
trial of this case by reason of the issue in the first instance
having been improperly awarded against the city of Scran-
ton and the Delaware, Lackawanna & Western Railroad
Company. This was clear error as a moment's reflec-
tion will show. The proceeding was entirely statutory
and the injury, if any, for which compensation is asked,
was done by the city in the exercise of its municipal con-
trol over the streets. The city took the initiative and
by ordinance authorized the improvement to be made.
If in the assertion of this municipal power, the property
of the complaining abutting owner was taken, injured
or destroyed, within the meaning of the constitution, the
city alone is answerable to the injured property owner.
The parties evidently so understood the law when the
proceeding was originally instituted. The appellee filed
his petition in the court below asking for the appointment
of viewers to assess damages against the city, not against
the railroad company. This was in accordance with the
provisions of the statute, and the viewers so appointed
were limited to the inquiry whether the property of the
appellee had been injured by the city, and if so, to what
extent. When the viewers returned their award to the

court, the only parties to the record were the appellee and the city. When the city took an appeal from the award of the viewers, the parties remained the same, and the issue framed by the court should have followed the record by naming the same parties. The court acted without authority in naming the railroad company as a party defendant. Railroad companies have no statutory authority to change the grade of streets or to improve the public highways. This power is very wisely lodged in the municipalities. The vacation of Cliff street, or the change of its grade, could only be done by the authority of the city, and in the manner pointed out by the statute. An injured abutting owner has his remedy in a proper case, but the proceeding is statutory, and should be restricted to the parties actually involved. It may be that the city before proceeding to authorize the street improvement required indemnity from other parties interested in the improvement, but when such security was taken, it inured to the benefit of the city, and did not in any manner change the relative rights and responsibilities of an abutting owner and the municipality. From beginning to end the present proceeding should have been limited to an inquiry involving the rights and injuries of appellee on one side and the duties and obligations of the city on the other. If this simple rule had been followed much confusion would have been avoided and most of the matters about which complaint is made on this appeal would not have arisen. The statement of claim included the city and the railroad company as parties defendant. In so doing counsel for appellee simply followed the direction of the court in awarding the issue, but as has been hereinbefore stated, the court erred in so awarding the issue, and this error is not cured by what subsequently happened. All of the averments contained in the statement connecting the railroad company with the city are foreign to the issue and should not have been included. These averments should be stricken from the record, or, perhaps, when the record is remitted, the matters in controversy between the parties

can be more clearly set forth in an amended statement concisely setting forth the facts upon which appellee relies to recover from the city without any reference to the ultimate liability of the railroad company on its bond of indemnity. The one central and controlling thought to be' kept in mind in the preparation of pleadings and in the trial of the case is that the controversy is between the appellee as an abutting owner, and the city. Irrelevant and extraneous matters should be excluded. The introduction of evidence tending to show the ultimate liability of the railroad company, and the argument of counsel that the city would suffer no loss because indemnified, were clearly erroneous. Who has to pay the damages ultimately has nothing to do with the issue tried by the jury, which was, did the appellee suffer any injury to his property and if so, to what compensation was he entitled by way of damages? This court in two recent cases has held it to be reversible error for counsel to introduce immaterial and irrelevant matters of this character for the purpose of influencing the jury to return an increased verdict, or as an invitation to base their findings upon false grounds: Walsh v. Wilkes-Barre, 215 Pa. 226; Hollis v. U. S. Glass Company, 220 Pa. 49. In the case last cited the present chief justice, delivering the opinion of the court, said: "It has been repeatedly held in other jurisdictions that the bringing to the attention of the jury the fact that the defendant in an action for personal injuries was insured by an employers' liability company, was cause for reversal, whether done by the admission of testimony, or the statement of counsel, or the offers of proofs, or by the questions asked witnesses or jurors." This was intended as a correct expression of the rule applicable to such cases. It is a sound rule and should not be departed from. As we view this record it was entirely disregarded in the trial of the case in the court below. In the course of the trial there was a constant effort to make it appear that the railroad company would ultimately pay the damages and that the city would be relieved from the burden because

protected by a bond. This was all wrong and finds no support in any credible authority.

As to the introduction of the ordinance and the bond in evidence, it may be said that these offers were properly admitted on one ground only, and that is to show there was a valid existing ordinance authorizing the improvement to be made. There was no necessity to read the provisions of either instrument to the jury. The city did not deny that the ordinance had been passed or that the improvement had been made under its authority. There was no question before the jury involving the terms and conditions of the bond. It is apparent that the purpose of reading the bond to the jury was to connect the railroad company in such a way as to indicate its ultimate liability. For this purpose it could not have been admitted in evidence and it should not have been so treated.

Under all the circumstances we would not be warranted in holding that the remark of counsel for appellee about which complaint is made in the third assignment constitutes reversible error. Remarks of this character should be avoided, but as the learned trial judge said, it was rather in the nature of a pleasantry in the early stages of the trial and the jury were immediately instructed to disregard it. It is safer to avoid all such remarks, and counsel always take chances of reversal in making such statements. We have thus indicated in a general way our views as to the proper trial of this case and do not think it necessary to discuss each separate specification of error. When the case is again tried our general observations should be a sufficient guide to all concerned in the conduct of the trial.

We do not agree with the contention of counsel for appellant that appellee failed to make out his case and that binding instructions should have been given for defendant. Nor are we convinced that the positions taken by appellant as indicated by the seventh and eighth assignments of error are tenable. The witness Woodhouse was competent, and as to the witness Hitchcock, it was

not competent to prove by him on direct examination the values of other properties in the immediate neighborhood for the purpose of instructing the jury as to the market values of properties belonging to abutting owners. Matters of this kind can be brought out on cross-examination for the purpose of affecting the credibility of witnesses, but we are not familiar with any case which is authority for the position taken by appellant that it was proper to introduce affirmative evidence of this kind on direct examination.

Judgment reversed and a venire facias de novo awarded.