[Civ. No. 21735. First Dist., Div. Two. Jan. 19, 1965.]

THE PEOPLE ex rel. DEPARTMENT OF PUBLIC WORKS, Plaintiff and Appellant, v. CLAUDE E. DONALDSON et al., Defendants and Respondents.

740

Harry S. Fenton, Chief Counsel, Holloway Jones, Deputy Chief Counsel, Jack M. Howard, Charles W. Thissell and William R. Edgar for Plaintiff and Appellant.

James A. Myers, Albert H. Davidson and D. W. Brobst for Defendants and Respondents.

TAYLOR, J.—This is an appeal by the state from a judgment and final order of condemnation. Respondents were the owners of 7.8 acres of steep hillside on the north side of Mountain Boulevard in Oakland described as Parcels 3A and 3B in the complaint which appellant sought to condemn for state highway purposes. The jury found the fair market value was $48,000, or approximately $6,000 per acre. Appellant contends that the court erred in instructing the jury and in the admission of certain evidence.

Respondents' chief evidence of comparable sales was their sale of similar steep undeveloped property in 1954 to the Cerebral Palsy Foundation for about $9,000 per acre, and in 1957 to the Greek Orthodox Church for about $23,000 per acre. On cross-examination, respondents' expert witness admitted that prior to both of these sales, certain grading had been done on the Cerebral Palsy property and tons of material had been removed from the church property.

The state's expert witnesses relied for comparables on two other sales located in the immediate vicinity: the 1957 sale by Colloms to the state for approximately $2,800 per acre and the 1962 sale by Creque to the state for approximately $2,933 per acre. The state's witnesses indicated that both of these sales were voluntary and that the Colloms sale was made prior to the filing of a condemnation action. Respondents' experts testified that they were aware of the Colloms and Creque sales but did not consider them comparable as they were made under threat of condemnation.

The major issue in this case is whether the trial court correctly instructed the jury, on the request of respondent condemnees that the prices paid by the state for other properties are not a proper basis for the determination of the fair market value of the property here in question.[1] We have con-

---

[1] "The price fixed by an agreement between the owner of property and the State of California seeking to condemn the land by virtue of eminent domain or having the power so to do, cannot be taken as a criterion of the market value of other land in the vicinity. The prices so fixed by

cluded that it was error to so instruct and the judgment must be reversed.

The state properly relies on *County of Los Angeles* v. *Faus*, 48 Cal.2d 672 [312 P.2d 680]. ■ In *Faus*, the court, expressly overruling earlier cases, held that the prices paid to condemnees for other properties may be testified to on direct examination if the condemner can satisfy the trial judge that the properties are comparable and the sales sufficiently voluntary to be a reasonable index of value. The respondents did not contest the comparability of the Colloms and Creque properties from the standpoint of location, physical characteristics, improvements, usability or time of sale. ■ Furthermore, the record discloses that the testimony as to the voluntariness of these sales was conflicting and presented a question of fact for the determination of the jury. Thus, they were properly admitted into evidence (*County of San Mateo* v. *Bartole*, 184 Cal.App.2d 422, 438-440 [7 Cal.Rptr. 569]; *People* ex rel. *Dept. of Public Works* v. *Murata*, 161 Cal. App.2d 369 [326 P.2d 947]). ■ But in instructing as it did, the court, in effect, struck the testimony of the two sales which it had previously properly admitted and precluded the jury from weighing and determining the factual issue of voluntariness. The erroneous instructions deprived appellant of a dispassionate and impartial jury consideration of the favorable testimony of its experts, allowed the respondents' expert evaluations to stand practically unchallenged and were clearly prejudicial (*People* ex rel. *Dept. of Public Works* v. *City of Los Angeles*, 220 Cal.App.2d 345, 358-359 [33 Cal. Rptr. 797]; *People* v. *University Hill Foundation*, 188 Cal. App.2d 327, 332 [10 Cal.Rptr. 437]).

We comment briefly on other matters raised on appeal to

---

compromise when there can be no other purchasers and the seller has no option to refuse to sell and can only elect between the acceptance of the price offered and the delay, uncertainty and trouble of legal proceedings for an assessment is not a reasonable or fair test of just compensation for the defendant's property. It is in no sense a sale in the market.

"'The price paid by the State of California for other property, said party having the right of condemnation by virtue of eminent domain, is not a proper basis for determination of market value of the property here in question. Such sales are not a fair criterion for market value for the reason that they are in the nature of a compromise. The fear of one party or the other to take the risk of legal proceedings ordinarily results in the one party's paying more, or the other party's taking less than is considered to be the fair market value of the property. Such sales are not the proper measure of market value, whether in a proceeding by the same or other condemning party.'"

assist the trial court on retrial. The record shows that the court erroneously permitted respondent McCosker to testify that in 1948 or 1949, he had offered $25,000 for a neighboring property. The court denied the state's motion to strike on the ground that the condemnee can give his opinion as to the value of other properties. ■ It is well settled that while a condemnee can evaluate his own land under condemnation, no witness can testify to an opinion of the value of neighboring properties. (*Sacramento etc. Drainage Dist.* v. *Jarvis,* 51 Cal.2d 799, 804 [336 P.2d 530].)

■ The state cites *San Diego Land etc. Co.* v. *Neale,* 78 Cal. 63 [20 P. 372, 3 L.R.A. 83], and contends that the trial court erred in permitting the witness Livingston to give his opinion of the highest and best use of the property as hillside or terrace type apartments on the basis of the very freeway improvement for which the property was being acquired. The record on direct and cross-examination is confusing on whether Livingston's testimony was predicated on the state's prospective improvement because a city and county freeway affording access to the property had already been planned and was under construction. However, on redirect examination after the denial of appellant's motion to strike, the witness clarified his position by testifying that his opinion was not based on the state's prospective freeway but on accessibility afforded the property prior to its acquisition date. Under these circumstances, the denial of the motion was not prejudicial. On retrial, the basis of the witness' opinion should be clearly established.

■ Appellant contends that the court erred in refusing to give its proposed instruction No. 17 covering the elements of comparability to be considered by the jury in determining the weight to be afforded other sales. In view of the instructions given defining the jury's duties in weighing the evidence and the expert testimony relating to similarities between the condemnees' land and the various comparables relied upon with respect to physical characteristics, situation, usability, improvements and time of sale, we do not regard the failure to instruct as reversible error. ■ However, the question of comparability is not exclusively for the court in ruling on admissibility but is also to be considered by the jury in determining the effect to be given the various sales under consideration. The instruction offered is in consonance with language approved in *Faus* and other cases, should be of

assistance to the jury and could properly be given on retrial (*People* v. *Murray,* 172 Cal.App.2d 219, 220 [342 P.2d 485]). The judgment is reversed.

Shoemaker, P. J., and Agee, J., concurred.

A petition for a rehearing was denied February 18, 1965, and respondents' petition for a hearing by the Supreme Court was denied March 17, 1965.