[Civ. No. 46107. Second Dist., Div. Three. Oct. 29, 1976.]

CIVIC CENTER CHAPTER, ENGINEERS AND ARCHITECTS ASSOCIATION et al., Plaintiffs and Appellants, v.
DEPARTMENT OF WATER AND POWER OF THE CITY OF LOS ANGELES, Defendants and Appellants.

**COUNSEL**

Schwartz, Steinsapir & Dohrmann, Schwartz, Steinsapir, Dohrmann & Krepack and Richard D. Sommers for Plaintiffs and Appellants.

Burt Pines, City Attorney, Edward C. Farrell, Chief Assistant City Attorney, and Ned Flusty, Deputy City Attorney, for Defendants and Appellants.

## OPINION

**COBEY, J.**—Civic Center Chapter, Engineers and Architects Association and Robert G. Fleming (hereafter generally petitioners) appeal from a judgment denying them all relief. Their adversaries, respondents Department of Water and Power of the City of Los Angeles and its Board of Water and Power Commissioners (hereafter collectively DWP), cross-appeal from the one paragraph of the just-mentioned judgment decreeing the nonapplicability of various claim provisions of the city charter (§§ 363, 376, 376.1) to this mandamus proceeding.[1]

The instant proceeding was brought on behalf of approximately 135 members of the chapter holding positions in the various surveyors' classes of the DWP, which employs approximately 190 individuals in these positions. Its purpose is to compel the DWP to ascertain reasonably the salaries and wages required for these surveyor positions pursuant to section 425 of the city charter (the prevailing wage provision)[2] for the fiscal years 1969-1970, 1970-1971, 1971-1972 and 1972-1973 and then to pay the occupants of these positions the salaries and wages so determined.

The surveyor positions at issue appear to be surveyor's aide, head chainman, instrumentman and survey party chief.[3] All of them were benchmark jobs in the wage and salary surveys made by DWP during the fiscal years in question. During these years the DWP's survey of these positions in private industry was confined to six firms—three of the major gas and electric utilities (San Diego Gas and Electric Co., Pacific Gas and Electric Co., and Southern California Edison Co.), two engineering firms and the Shell Oil Company at Los Angeles. Of these business establishments only the two engineering firms were unionized. They paid, however, the highest wages reported to DWP in the various surveys of these positions.

---

[1] The cross-appeal is without merit for the reason stated in *Gottlieb* v. *Department of Water and Power*, No. 46123, *ante*, p. 202 [133 Cal.Rptr. 614].

[2] Section 425 reads in pertinent part:

"In fixing the compensation to be paid to persons in the city's employ, . . . [DWP] shall, in each instance, provide a salary or wage at least equal to the prevailing salary or wage for the same quality of service rendered to private persons, firms or corporations under similar employment, in case such prevailing wage or salary can be ascertained."

[3] Petitioner's third amended petition mentions the additional classification of "Senior Survey Chief," but it is not listed as one of the benchmark jobs.

Approximately 90 percent of the surveyors employed by engineering firms within 12 Southern California counties in the private sector (aside from private utilities) are employed pursuant to union agreement and are paid union hourly rates.[4] Private utilities employing surveyors, however, are not signatories to any union agreement. Approximately eight times as many surveyors are employed in Southern California by the unionized engineering firms as are employed in the private utilities.

The trial court made the following findings of fact, among others. Some surveyors employed in the unionized private engineering firms work a full year. Most do not as the employment of surveyors, in the approximately six months' period from October to April, declines drastically and the salaries of most surveyors who work during this slack period are reduced. Surveyors employed by DWP, on the other hand, work a full 12 months a year on a full-time salaried basis without generally any reduction in pay.

Petitioners challenge the foregoing findings insofar as they indicate that most of the privately employed, unionized surveyors in Southern California receive substantially less than full-time employment as they work full-time only seasonally. It is true that these findings in this respect are based on conflicting evidence, but it also is true that they are based on, at the very least, substantial evidence. They are therefore binding on us.

Petitioners assert that we must nevertheless disregard this difference in the conditions of employment of surveyors in the private and public sectors in Southern California because this difference is an aspect of *job security* and under *Walker* v. *County of Los Angeles,* 55 Cal.2d 626, 632 [12 Cal.Rptr. 671, 361 P.2d 247], a case construing the essentially identical wage provision of the Los Angeles County Charter (*id.,* at p. 629), the phrase *under similar employment,* as used there, does not refer to job security. Our Supreme Court in that decision, however, immediately goes on to state that the phrase "does refer to the nature of

[4]About 900 surveyors privately employed within these counties are employed under an agreement between the California Council of Civil Engineers and Land Surveyors and International Union of Operating Engineers Local No. 12. They are apparently concentrated in Los Angeles, Orange, San Diego, San Bernardino and Riverside counties. Another approximately 200 surveyors are employed privately by various building trade contractors within the same geographical area under a union contract negotiated generally with the Associated General Contractors.

employment such as full-time as compared to part-time." (*Id.,* at pp. 638-639.)

This is the precise situation before us. Petitioners are contending that privately employed surveyors who, for the most part, work part-time enjoy employment similar to the DWP surveyors who almost invariably work full-time. This is comparing apples to oranges and horses to cows.[5] This may not be done under section 425 of the Los Angeles City Charter.

The judgment is affirmed.

Ford, P. J., and Allport, J., concurred.

The petition of the plaintiffs and appellants for a hearing by the Supreme Court was denied December 22, 1976.

---

[5]Petitioners challenge as well the substantiality of the evidence to support the trial court's finding that "the salary range applicable to Department Head Chainmen for the litigated years compares favorably with the interquartile range of the Joint Salary Survey data for Rodmen and Chainmen for the litigated years." We need not consider this challenge in view of the noncomparability in conditions of employment between privately employed, unionized surveyors and those employed by DWP.