[Civ. No. 57820. Second Dist., Div. Two. Sept. 23, 1980.]

BERNARD C. GOTTLIEB et al., Plaintiffs and Appellants, v. DEPARTMENT OF WATER AND POWER OF THE CITY OF LOS ANGELES et al., Defendants and Respondents.

COUNSEL

Frank Morales for Plaintiffs and Appellants.

Burt Pines, City Attorney, Edward C. Farrell, Chief Assistant City Attorney, Ned E. Flusty, Assistant City Attorney, and Gilbert W. Lee, Deputy City Attorney, for Defendants and Respondents.

OPINION

FLEMING, J.—Appellants, employees of the Department of Water and Power of the City of Los Angeles (DWP), have appealed the superior court's dismissal of their mandamus action after that court determined that DWP had paid its employees prevailing salaries and wages during the years 1968 to 1972.

This cause has been here before (see *Gottlieb v. Department of Water & Power* (1976) 63 Cal.App.3d 202 [133 Cal.Rptr. 614], hg. den.), and we briefly summarize its history. The action is based on asserted violations of section 425 of the Charter of the City of Los Angeles, which declares that salaries and wages of city employees shall in each instance be at least equal to the prevailing salary or wage for the same

quality of service rendered to private persons or corporations under similar employment. The initial superior court decision denying relief to appellants was reversed on appeal, the appellate court concluding that the DWP survey of prevailing pay scales had been defective in that it put excessive reliance on salaries and wages paid by private utilities rather than by private employment as a whole, and concluding additionally that the DWP erroneously gave across-the-board pay increases to its employees rather than increases to specific groups based on prevailing rates of pay. But the appellate court rejected appellants' principal contention that the pay of full-time DWP maintenance employees should be derived from that of daily and hourly paid construction workers in private employment rather than that of full-time maintenance employees. The Court of Appeal concluded its opinion by noting that the DWP apparently paid salaries and wages in excess of those required by the charter and that a resurvey of prevailing pay could be accomplished quickly and economically through use of the existing joint salary survey of the City of Los Angeles for nonutility positions and use of the DWP's own data for utility positions.

On remand, the superior court issued a writ of mandate to the DWP, ordering it to resurvey prevailing salaries and wages for the period 1968 to 1972 but suggesting it could use the existing data in the joint salary survey of the City of Los Angeles for nonutility positions and the DWP's own data for utility positions, and also ordering that on completion of the survey the DWP fix compensation in each instance at least equal to the prevailing salary or wage paid by private persons or corporations for performance of similar services. Thereafter, the DWP reported to the court that it had resurveyed prevailing wages in the manner suggested by the court, and had determined that in each instance the salary or wage paid during the periods at issue was at least equal to the prevailing salary or wage for the same quality of services rendered under similar employment to private persons or corporations.

Subsequently, the trial court made findings of fact that the DWP had complied with section 425 of the Charter of the City of Los Angeles, that the DWP survey payline used to determine prevailing wages and on which DWP salaries were based was higher than the Los Angeles joint salary survey payline, and that for the litigated years the DWP paid salaries and wages to its employees which exceeded the wage and salary data of the joint survey. The court concluded that the methods utilized by the DWP resulted in the payment of at least prevailing sala-

ries and wages to the occupants of each position in each of the litigated years.

Appellants have again appealed, urging (1) the trial judge should have been disqualified from rehearing the cause on remand; (2) prevailing wages for DWP maintenance workers should not be derived from wages of full-time maintenance workers in private employment, but from wages of daily and hourly construction workers privately employed for a particular job; (3) a new plenary hearing should have been held to justify the court's findings on prevailing wages.

I

■ We see no merit in appellants' claim that on remand the trial judge should have been disqualified. The objections against the trial judge appeared frivolous on their face except the one which relied on the judge's ownership of DWP debentures. When the disqualification motion was made, the issue was referred to another trial judge, who conducted a hearing, made findings, and concluded that the original trial judge was not disqualified. A year prior to the disqualification motion the original trial judge had disclosed to counsel that he owned DWP debentures. At that time counsel for appellants orally waived any claim to disqualification. The hearing judge rejected appellants' challenge to the trial judge for DWP debenture ownership on multiple grounds, each of which standing alone, he said, would suffice to deny the challenge: "(a) Judge Deutz was not challenged under C.C.P. § 170, subdivision 2, in the written Motion to Disqualify filed by Mr. Morales; (b) The actions of Mr. Morales on the record on 10 January 1976, when Judge Deutz disclosed his ownership of the debentures estopped Mr. Morales from now raising the issue (see *Sacramento & San Joaquin Drainage District* v. *Jarvis* (1959) 51 Cal.2d 799); and (c) Neither the City of Los Angeles nor its Department of Water and Power is a 'corporation' as that term is used in C.C.P. § 170, subdivision 2."

We agree fully with these conclusions. All judges in the state are at some time debtors or creditors of the State of California and of the county and the city in which they reside. ■ We hold that, absent extraordinary circumstances, disqualification of judges under Code of Civil Procedure section 170, subdivisions 2 and 3 as debtors or creditors of a *corporate* litigant, relates solely to private corporations and does not apply to governmental entities.

## II

■  Appellants' argument that prevailing wages for full-time mainte-nance employees must be calculated by comparison with those of part-time construction workers in private employment who work by the hour or the day was his principal argument on his original appeal, and the argument was there rejected by the court: "We reject petitioners' second contention attacking the reasonableness of the DWP's practice of dividing its building trades crafts' employees into two occupational groups—(1) the lower paid, full-time, annual salaried, generally one lo-cation maintenance employees, and (2) the temporary, union scale, daily or hourly paid construction employees.... [T]he nature of the employment of these two groups of generally skilled employees by the DWP is fundamentally different. One group has full-time employment on an annual salary; the other group enjoys intermittent employment at union rates. We see nothing unreasonable in the DWP classifying these two groups differently for pay purposes." (*Gottlieb* v. *Department of Water & Power, supra*, 63 Cal.App.3d at p. 208, 209.)

As the same Court of Appeal said in the companion case of *Civic Center Chapter, Engineers & Architects Assn.* v. *Department of Water and Power* (1976) 63 Cal.App.3d 238 [133 Cal.Rptr. 687]: "Petitioners are contending that privately employed surveyors who, for the most part, work part-time enjoy employment similar to the DWP surveyors who almost invariably work full-time. This is comparing apples to or-anges and horses to cows." (P. 242.)

Appellants' argument amounts to an attempt to relitigate an adverse decision which has become the law of the case by reason of the prior determination of the appellate court. Even if we disagreed with the ear-lier decision—which we do not—we are bound to follow the law of the case. (*People* v. *Shuey* (1975) 13 Cal.3d 835 [120 Cal.Rptr. 83, 533 P.2d 211].)

## III

■  Petitioners' final argument attacks the failure of the trial court to conduct a plenary, or partially plenary, hearing de novo. But the rul-ing of the Court of Appeal did not require a new hearing. As the court said in its opinion: "In regard to the fiscal years litigated in this pro-ceeding, petitioners may not desire a resurvey in view of the fact that the DWP apparently paid during these years salaries and wages in ex-

cess of those required by section 425. But if they insist upon a resurvey it can be quickly and economically provided by using generally the results of the previously mentioned joint salary survey of the City of Los Angeles, etc. for non-utility positions and the DWP's own data for utility positions." (*Gottlieb, supra*, 63 Cal.App.3d p. 210, fn. 11.)

On remand, the superior court followed the suggestion of the Court of Appeal, the board of DWP followed the suggestion of the superior court, and thereafter the trial court on the basis of the original record made findings and conclusions which showed full compliance by DWP with section 425 of the Charter of the City of Los Angeles during each of the years at issue. ■ Appellants, without any citation to the record or to the exhibits, attack these findings in general terms, becoming specific only when comparing full-time maintenance workers with part-time private construction workers. We find nothing in their argument that presents any valid challenge to the action of the trial court. (*Baker* v. *Wadsworth* (1970) 6 Cal.App.3d 253, 260-261 [85 Cal.Rptr. 880].)

The judgment is affirmed.

Roth, P. J., and Beach, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied December 10, 1980. Richardson, J., did not participate therein. Newman, J., was of the opinion that the petition should be granted.