Filed 2/25/14  Woolfolk v. Countrywide Home Loans CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| CHARLES ROLAND WOOLFOLK, | B241525 |
| Plaintiff, Cross-defendant and Appellant; | (Los Angeles County Super. Ct. No. TC021802) |
| STRENGTH REVIVED, INC., | |
| Cross-defendant and Appellant, | |
| v. | |
| COUNTRYWIDE HOME LOANS, INC., | |
| Defendant, Cross-complainant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. William P. Barry, Judge.  Affirmed.

The Law Offices of Julius Johnson & Associates and Julius Johnson for Plaintiff, Cross-defendant and Appellant.

The Law Offices of Gabrielle C. Woods and Gabrielle C. Woods for Cross-defendant and Appellant.

Cunningham & Treadwell, Francis J. Cunningham III and David S. Bartelstone for Defendant, Cross-complainant and Respondent.

_____

In a confusing and largely unintelligible brief, appellants Charles Roland Woolfolk (Charles) and Strength Revived, Inc. (Strength) challenge a trial court judgment in favor of Countrywide Home Loans, Inc. (Countrywide), among others. Appellants have not met their burden on appeal. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

*Factual Background*

Charles and Lena Woolfolk (Lena) are married. According to Charles, Douglas Burch (Burch) approached Lena and asked her to invest monies with him. Because she did not have the money to invest, Burch allegedly convinced Lena to take out a loan on certain real property, which Charles inherited before his marriage to Lena. When Lena signed the loan documents, an unidentified man who had arrived with the notary public signed the documents as though he was Charles.

Envision Lending Group, Inc. (Envision) was the independent, approved mortgage broker for the loan.

Countrywide made the loan. The net proceeds of the Countrywide loan were $117,000, after the payment of various fees and after the pay off of an existing loan held by World Savings (the World Savings deed of trust). The net proceeds were wired to Lena, who transferred the monies to Burch. Lena has not seen or heard from him since.

Meanwhile, at some point thereafter, Strength made a loan to Charles and recorded a deed of trust to secure the debt. When Strength's chief executive officer, Julius Johnson,[1] recorded the Strength deed of trust, it knew of the existence of the Countrywide deed of trust.

---

[1] Mr. Johnson, an attorney, represented Charles below and continues to represent him on appeal.

*Complaint and Cross-Complaint*

On June 20, 2008, Charles filed a verified complaint alleging declaratory relief, fraud and deceit, constructive trust (fraud), quiet title, cancellation of deed, injunctive relief, and accounting, seeking, inter alia, a determination of the parties' rights in and to the subject property, including equitable lien rights. The only causes of action asserted against Countrywide were declaratory relief, quiet title, cancellation of deed, and injunctive relief; Countrywide was not sued for fraud or negligence. Among other things, Charles alleged that Countrywide did not have a valid deed of trust against the real property that is the subject of this appeal because Charles's signature had been forged on the document.

On July 14, 2008, Countrywide filed its answer to the complaint, and on March 2, 2009, Countrywide filed its cross-complaint against Charles, Lena, Envision, and others, alleging causes of action for, inter alia, imposition and foreclosure of equitable lien. Countrywide alleged that it had a valid and existing first trust deed lien against the subject real property and, in the event that it did not, that it was entitled to the imposition and foreclosure of an equitable lien due to its payoff of the prior, valid and existing encumbrance in favor of World Savings.

On October 25, 2010, Countrywide filed its first amended cross-complaint, adding Strength as a cross-defendant, after discovering that Strength had claimed a secured interest in the subject real property pursuant to the Strength trust deed.

*Strength's Tardy Expert Witness Designation*

On August 16, 2011, Strength attempted to serve a designation of expert witnesses, designating Tom Tarter (Tarter). Countrywide objected. On November 2, 2011, Strength filed an ex parte application to file tardy designation of expert witness. Countrywide opposed the application. The trial court denied Strength's ex parte application.

Notably, neither Strength nor Charles asked that Tarter be allowed to offer rebuttal testimony.

*Trial Court's Disclosure of Prior Refinance Loans from Countrywide*

On January 10, 2012, the trial court disclosed that it "got a loan from Countrywide through a broker, but it was not a subprime loan. And I had no dealings with Countrywide that would indicate anything of relevance to this case. So I—it's just that I want to let you know that I did have a loan from Countrywide that is now being serviced or owned by Bank of America. . . . [¶] If you have any questions, you can ask me, but I wanted to let you know. Actually, I think I did two [refis] with Countrywide. And one of them may have been in '05 or '04, and the other one a little earlier than that. Through a broker. Not Envision. And I had no dealings, and none of the names that have been mentioned have any meaning to me at all. But I thought I should let you know."

*Judgment and Appeal*

Judgment was entered in favor of Charles and against Countrywide on Charles's cause of action for cancellation of deed of trust only. Charles was awarded nothing on his claims for declaratory relief, fraud and deceit, constructive trust (fraud), quiet title, injunctive relief, and accounting. As for the cross-complaint, judgment was entered in favor of Countrywide and against Charles, Lena, and Strength. In so ruling, the trial court found that Countrywide was the holder of an equitable lien that encumbered the property in a first lien position.

Charles and Strength's timely appeal ensued.

## DISCUSSION

The major problem with appellants' appeal lies in their opening brief. As another court observed in describing a similarly inadequate brief, "[i]ndeed, this document is strongly reminiscent of those magazine puzzles of yesteryear where the reader was challenged to 'guess what is wrong with this picture.'" (*People v. Dougherty* (1982) 138 Cal.App.3d 278, 280.)

Issues are raised that are not thoroughly flushed out or supported by record citations and/or legal authority. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 [appellant bears the burden of supporting a point with reasoned argument]; *County of Sacramento v. Lackner* (1979) 97 Cal.App.3d 576, 591 [appellant

4

must present argument on each point made]; *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115 [appellate court is not required to make an independent, unassisted search of the appellate record].)  For example, appellants assert that the trial court erred in refusing to allow the rebuttal testimony of Tarter, but Tarter was never called as a rebuttal witness.  Despite arguing that the substantial evidence rule applies in part, appellants did not set forth all of the material relevant evidence.  (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881 [failure to set forth all material evidence results in forfeiture of substantial evidence claim].)

We decline to consider the issues raised in plaintiff's opening brief that are not properly presented or sufficiently developed to be cognizable, and we treat them as waived.  (*People v. Stanley* (1995) 10 Cal.4th 764, 793; *People v. Turner* (1994) 8 Cal.4th 137, 214, fn. 19; *In re David L.* (1991) 234 Cal.App.3d 1655, 1661; *Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545–546.)

With these principles in mind, and to the extent possible, we have attempted to reach the merits of the issues raised by appellants in their appellate briefs.

**I.  Alleged Trial Court Bias**

Charles and Strength contend that the trial court was biased in favor of Countrywide, as evidenced by its disclosure during trial that it had one or two refinance loans with Countrywide.  As pointed out by Countrywide, this issue is not properly before us.  Appellants did not properly and timely seek disqualification of the trial judge upon learning, during trial, of his alleged bias.  (*In re Steven O.* (1991) 229 Cal.App.3d 46, 55; Code Civ. Proc., § 170.4, subd. (b).)  In fact, instead of objecting, appellants continued to appear in front of the same trial court judge and filed multiple posttrial documents with the trial court.  By failing to raise this issue below, they have forfeited

the issue on appeal.[2]  (*Sacramento Etc. v. Jarvis* (1959) 51 Cal.2d 799, 802; *Horsford v. Board of Trustees of California State University* (2005) 132 Cal.App.4th 359, 384.)

Setting this procedural obstacle aside, there is no evidence whatsoever of "institutional bias" as appellants speculate.  Rather, the trial court's revelation about its prior loan connection to Countrywide indicates an intention to be honest and transparent.

As for appellants' claim that the trial court exhibited bias when it questioned Mr. Johnson during his attempts to amend his pleadings to conform to proof, appellants also have not met their burden.  The trial court's questions of Mr. Johnson show that the trial court was inquiring as to what evidence supported his request for leave to amend; and its challenge to Mr. Johnson's speculation and its correction of Mr. Johnson's misstatement of the evidence were appropriate.

Appellants' reliance upon *People v. Williams* (2007) 156 Cal.App.4th 949 is misplaced.  In that case, the trial court "'switched gears' from scholarly analysis to an appraisal of [the appellant's] character for honesty and veracity." (*Id*. at p. 954.)  Here, the trial court did no such thing.

## II.  Alleged Evidence that Countrywide Acted Negligently in Extending Loan

Appellants argue that the trial court "[i]gnored [s]ubstantial [e]vidence" that Countrywide acted negligently.  Appellants misunderstand the standard of review.  In reviewing a judgment for substantial evidence, we look for evidence that supports the judgment. (*Jameson v. Five Feet Restaurant, Inc.* (2003) 107 Cal.App.4th 138, 143; *Bowers v. Bernards* (1984) 150 Cal.App.3d 870, 873–874.)  That there may be evidence to support an alternate judgment does not compel reversal. (*Jameson v. Five Feet Restaurant, Inc.*, *supra*, at p. 143; *Bowers v. Bernards*, *supra*, at pp. 873–874.)

---

[2]      We also note that pursuant to Code of Civil Procedure section 170.3, subdivision (d), "[t]he determination of the question of the disqualification of a judge is not an appealable order and may be reviewed by a writ of mandate."

### III. Charles's Fraud Claim

Charles argues that the trial court erred in denying his fraud claim against Lena (his wife) and Burch. Charles has not met his burden on appeal. In the two paragraph discussion of his fraud claim, Charles directs us to what Lena allegedly stated during trial, but he offers no record citations. And, he offers no analysis as to how he proved all elements of his claim for fraud. What misrepresentation did Lena allegedly make to Charles? What misrepresentation did Burch make to Charles? How did Charles rely on any alleged misrepresentations? These unanswered questions compel us to affirm the judgment.[3]

### IV. Equitable Lien

Appellants argue that the trial court's finding of an equitable lien in favor of Countrywide was erroneous. Their only argument appears to be that while neither Charles nor Strength was at fault, Countrywide was at fault; thus, the equities tip in favor of appellants.

Appellants have not shown that the trial court abused its discretion in awarding Countrywide an equitable lien. (*Katsivalis v. Serrano Reconveyance Co.* (1977) 70 Cal.App.3d 200, 211; *Dieden v. Schmidt* (2002) 104 Cal.App.4th 645, 654.) Countrywide paid off a prior, valid and existing senior lien against the property (the World Savings deed of trust). It made the loan in reliance on the fact that it would be secured by a first trust deed lien against the property. Under these circumstances, Countrywide was entitled to the equitable lien.

### V. Equitable Subrogation

Appellants argue that Countrywide was not entitled to equitable subrogation because it acted with culpable and inexcusable neglect in extending the loan to Lena. Again appellants face a procedural obstacle—they did not plead this affirmative defense in their answer to the cross-complaint. (*Harris v. City of Santa Monica* (2013) 56 Cal.4th

---

[3]    Notably, Lena did not file a respondent's brief; Countrywide is the only respondent in this appeal.

203, 239–240.)  Having failed to plead this issue below, they cannot raise it for the first time on appeal.

Setting this procedural obstacle aside, substantial evidence supports the trial court's implicit finding that Countrywide did not act negligently.  At the heart of the dispute in this litigation is the allegedly forged loan documents.  But, there is no evidence that Countrywide knew or should have known of the alleged forgery.  The transaction arose from a wholesale, broker-originated loan, and the processing of the loan, including the verification of the signatures, was conducted by Envision, an independent broker.  Countrywide had no contact with the prospective borrowers (Charles and Lena), and it was not responsible for ensuring the accuracy and authenticity of the signatures.

In their reply brief, appellants argue that Countrywide is estopped from denying a partnership with Envision because it held itself out as Envision's partner.  There are at least two problems with this argument.  First, appellants fail to direct us to those portions of the appellate record demonstrating that they raised this argument in the trial court.  (*Doers v. Golden Gate Bridge Etc. Dist.* (1979) 23 Cal.3d 180, 184–185, fn. 1.)  Second, it is well-established that arguments first raised in a reply brief are not considered on appeal.  (*Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764.)

## DISPOSITION

The judgment is affirmed.  Countrywide is awarded costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
ASHMANN-GERST


We concur:


_____, P. J.
BOREN


_____, J.*
FERNS

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.